## Ex parte L. E. CARMICHAEL.

No. A-5912. Opinion Filed Dec. 15, 1925.
(241 Pac. 1117.)

White & Reid and Lunsford & Windham, for petitioner.

The Attorney General, Smith C. Matson, Asst. Atty. Gen., and James Babb, Co. Atty., for respondent.

PER CURIAM. The petition for writ of habeas corpus was filed in this court November 18, 1925. A rule to show cause was entered and issued, answerable before this court November 24th. It is averred that petitioner is illegally restrained of his liberty and unlawfully imprisoned in the county jail of LeFlore county by Monroe Self, sheriff of said county; that the cause of said restraint is an order of commitment issued by Grover Flanagan, judge of the county court of LeFlore county, and directing said sheriff to hold petitioner in confinement indefinitely for the crime of murder, which commitment issued on September 8, 1925; that petitioner has used due diligence to procure a preliminary examination upon said charge, by filing in the district court of LeFlore county, September 30th, his petition for a writ of habeas corpus, for the purpose of affording him a preliminary trial as is required by law, and no preliminary examination or hearing of any kind or character has been afforded petitioner. The response is in part as follows: "Your respondent would further show: That the said L. E. Carmichael is charged with a capital offense under the

laws of the state of Oklahoma, and that he has not been given a preliminary trial, for the reason that, at the time it is alleged that he shot and killed L. E. Threasher, he also shot and wounded Mamie Fries in and about the head, face, arms, and lower limbs, seriously and dangerously wounding the said Mamie Fries, and that as a result of the said wounding of the said Mamie Fries, it was necessary that she be taken to Sparks Memorial Hospital at Ft. Smith, Ark., for medical and surgical treatment, and that she is at this time a patient in said hospital, being treated for the above-described wounds inflicted at the hands of the said L. E. Carmichael, defendant and petitioner herein. That the said Mamie Fries is the only eyewitness to the unlawful and felonious acts of this defendant, and that the state has no other witness by which it can prove the facts of the unlawful killing, and that the said Mamie Fries is now unable physically to be present in court as a witness to testify in the preliminary trial of the said defendant. Respondent denies that petitioner or his counsel has ever requested the examining magistrate to set said cause for trial. That the proof of said crime of murder is positive and the presumption great that the said L. E. Carmichael is guilty of said offense, and is not, under the Constitution and laws of the state of Oklahoma, entitled to be discharged or granted bail." On the same day a hearing was had, and upon a consideration of the pleadings and undisputed facts in evidence, and the arguments of counsel, it was adjudged that the petitioner was entitled to be accorded a preliminary examination upon the complaint filed before the county judge, and it was ordered that the county attorney fix a day for said preliminary examination within eight days.